UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Tommy R. McGuire,

    Petitioner,

    v.                                Civil Action No. 2:19-cv-210-cr-jmc

Mark Inch, Florida Department of
Corrections; Ashley Moody, Attorney
General, State of Florida,

    Respondents.

## ORDER AND REPORT AND RECOMMENDATION
(Docs. 1, 1-1)

Petitioner Tommy R. McGuire, a Florida state prisoner, representing himself, seeks to file a "Petition for New or Independent Action" pursuant to Federal Rule of Civil Procedure 60(b) requesting relief from judgment. (Doc. 1-1.) McGuire has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and has submitted an affidavit that makes the showing required by § 1915(a). Accordingly, the request to proceed *in forma pauperis* (Doc. 1) is GRANTED. However, for the reasons stated below, I recommend that the Petition be DISMISSED.

## Background

On March 4, 1999, Petitioner was sentenced to thirty years' imprisonment in the Florida Department of Corrections. On September 27, 2000, the sentence was affirmed. Petitioner filed a petition for habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Middle District of Florida, which was denied on

August 1, 2003. *See McGuire v. Secretary, DOC*, No. 3:02-CV-0687 (M.D. Fla. Aug. 1, 2003).

Several years later, McGuire filed a "Rule 60(b) Petition as Independent Action" in the Middle District of Florida alleging that "there [wa]s newly discovered evidence (his defense attorney's response to a bar complaint) that his attorney perpetrated a fraud upon the state trial court." (Doc. 1-1 at 41 (M.D. Fla. Order attached as exhibit).) In the June 20, 2011 Order denying the Rule 60(b) motion, the court noted that "Petitioner previously raised [the same issue] in two post-judgment motions [in that court] . . . and in another independent action . . . filed in the United States District for the Northern District of Florida." (*Id.* at 41–42.) The court further noted that "the Eleventh Circuit Court of Appeals denied [p]etitioner's application to file a second or successive petition raising the same claims that [p]etitioner [again] attempts to present." (*Id.* at 42.)

Since that time, McGuire has filed at least seven additional actions presenting these same claims in various federal district courts throughout the country. *See Wells v. United States*, 318 U.S. 257, 260 (1943) (noting that a federal district court may take judicial notice of habeas proceedings brought by the same party in other federal courts). The latest two were dismissed by the United States District Court for the Northern District of New York this fall. *See McGuire v. Inch*, No. 9:19-CV-1220 (GLS/CFH), 2019 WL 4963255, at *1 (N.D.N.Y. Oct. 8, 2019) (listing cases); *McGuire v. Inch*, No. 9:19-CV-1330 (GLS/CFH), 2019 WL 5788510 (N.D.N.Y. Nov. 6, 2019). The others were either transferred to the Middle District

of Florida and subsequently dismissed or dismissed outright. *See McGuire*, 2019 WL 4963255, at *1 (citing cases).

## Discussion

Under 28 U.S.C. § 1915(e)(2)(B), the court must conduct an initial screening of complaints filed by civil litigants proceeding *in forma pauperis*, to ensure that the case goes forward only if it meets certain requirements. In conducting this screening, the court is required to read a self-represented litigant's complaint liberally and to construe it to raise the strongest arguments it suggests. *See Harris v. Miller*, 818 F.3d 49, 56–57 (2d Cir. 2016) (per curiam). Nevertheless, the court must dismiss a complaint filed *in forma pauperis* if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To determine whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Id.* at 327.

Here, as he did in the Northern District of New York,[1] McGuire asserts that the Middle District of Florida did not have jurisdiction over his habeas petition and

---

[1] The proposed Petition McGuire has submitted to this court is substantially similar to that filed in the Northern District of New York. *Compare McGuire v. Inch*, No. 9:19-CV-1220 (N.D.N.Y. Sept. 30, 2019) *with* Doc. 1-1.

3

asks this court to independently review that court's rulings. (Doc. 1-1 at 1.) He relies on *Covington Industries, Inc. v. Resintex A.G.*, 629 F.2d 730 (2d Cir. 1980), which upheld a district court's ability to vacate another court's entry of a default judgment where the other court lacked personal jurisdiction over the party against whom the judgment was entered. *Id.* at 732–33. McGuire's reliance on this case, however, is misplaced because the Middle District of Florida had jurisdiction to preside over his habeas corpus claims.

In 2002, McGuire brought a habeas corpus action challenging his Florida state-court conviction and sentence that was denied on August 1, 2003. (*See* Doc. 1-1 at 17.) "28 U.S.C. § 2254 [is] the statutory provision authorizing federal courts to provide habeas corpus relief to prisoners in state custody." *Jackson v. Conway*, 763 F.3d 115, 132 (2d Cir. 2014). Such a challenge is properly directed to "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). Because McGuire was convicted and is incarcerated in the Middle District of Florida, that was the appropriate forum for his action and that court had jurisdiction over McGuire's action.

Further, though McGuire purports to file his Petition under Rule 60(b), it is substantively a successive habeas petition. (Doc. 1-1 at 9–11; 17–23); *see also McGuire v. Secretary, Fla. DOC*, No. 3:18-cv-576-J-32MCR, 2018 WL 9537928, at *1–2 (M.D. Fla. June 1, 2018) (analyzing McGuire's Rule 60(b) motion under *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). Since this court did not impose the

4

challenged conviction or sentence, and McGuire is not presently incarcerated in Vermont, it lacks jurisdiction to adjudicate a challenge to McGuire's conviction or sentence. Such a challenge would also be "second or successive." *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (noting that petition was "second or successive" because it challenged "the same custody imposed by the same judgment of a state court" as the first petition); *see also* 28 U.S.C. § 2244(b). A second or successive petition may only be filed with a district court if the petitioner has first been granted permission to do so by the relevant court of appeals. 28 U.S.C. § 2244(b)(3)(A), (B). If a petitioner fails to obtain circuit approval prior to filing a second or successive petition, the district court is without jurisdiction to consider the petition. *See Burton*, 549 U.S. at 153.

The next issue for the court to consider is whether the matter should be transferred to the Middle District of Florida. Federal habeas corpus proceedings are civil proceedings governed by the statutes and rules that apply generally to civil litigation. *See, e.g.*, 28 U.S.C. § 2242 ("Application for a writ of habeas corpus . . . may be amended or supplemented as provided in the rules of procedure applicable to civil actions."). Accordingly, McGuire's petition is subject to the general rules governing venue in civil litigation, including 28 U.S.C. §§ 1404 and 1406.

Under § 1404: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under § 1406: "The district court of a district in which is filed a case laying venue in the wrong

5

division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The court should not find transfer warranted in this case. Because McGuire's Petition seeks to challenge his state-court conviction and sentence, it should be brought under § 2254. Accordingly, the proper jurisdiction and venue for the motion is the Middle District of Florida. McGuire has raised the issue of fraud on the court in that court multiple times before with the claim most recently denied on June 1, 2018, following a transfer of the case from the Southern District of New York. *See McGuire*, 2018 WL 9537928. Given McGuire's prior unsuccessful actions in the Middle District of Florida, the court considers his filing in this district to be a strategic choice. Given the limitations on second or successive filings, *see* 28 U.S.C. §§ 2244(b), 2255(h), and McGuire's emphatic request that the case not be transferred (*see* Doc. 1-1 at 1), I recommend the court conclude that transferring this action is not appropriate and that it be dismissed. *See Neitzke*, 490 U.S. at 327 (noting dismissal of frivolous actions is appropriate to discourage the waste of judicial resources).

## **Conclusion**

For these reasons, although his request to proceed *in forma pauperis* (Doc. 1) is GRANTED, I recommend the court find it lacks jurisdiction to adjudicate

6

McGuire's Petition (Doc. 1-1).  I further recommend the court decline to transfer the case and therefore it should be DISMISSED.

Dated at Burlington, in the District of Vermont, this 3rd day of December 2019.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).