U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 FEB 19 PM 3: 28

CLERK

BY ___LAW___
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

TOMMY R. MCGUIRE, )
)
Petitioner, )
)
v. ) Case No. 2:19-cv-210
)
MARK INCH, FLORIDA DEPARTMENT )
OF CORRECTIONS, ASHLEY MOODY, )
ATTORNEY GENERAL, STATE OF )
FLORIDA, )
)
Respondents. )

**OPINION AND ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING THE RULE 60(B) PETITION FOR A NEW
OR INDEPENDENT ACTION, DECLINING TO TRANSFER THE PETITION,
AND DISMISSING THE PETITION**
(Docs. 2 & 3)

This matter came before the court for a review of the Magistrate Judge's December 3, 2019 Report and Recommendation ("R & R") (Doc. 2), wherein he recommended that the court dismiss the petition filed by self-represented Petitioner Tommy R. McGuire. Petitioner seeks to file a "Petition for New or Independent Action" pursuant to Federal Rule of Civil Procedure 60(b) to obtain relief from a 2003 judgment of the United States District Court for the Middle District of Florida denying his amended petition for a writ of habeas corpus. (Doc. 3.)

On December 26, 2019, Petitioner filed an eight-page Objection to the R & R with exhibits arguing the Magistrate Judge erroneously concluded: (1) the Middle District of Florida has jurisdiction over his claims, (2) this court lacks jurisdiction and is an improper venue, (3) his petition constitutes a successive habeas petition, and (4) Petitioner is engaged in forum shopping. He contends "new evidence of fraud on the [Florida state] court was discovered which is the reason the Petitioner filed all of these

Rule 60(b) [petitions] in all of these different U.S. district courts to 'void and correct' the prior 'default judgment' [] on the habeas corpus claims." (Doc. 4 at 6) (emphasis omitted).

I.      **Factual and Procedural Background.**

On March 4, 1999, Petitioner, an inmate in the Florida penal system, was sentenced to a term of imprisonment of thirty years, which was affirmed on appeal on September 27, 2000. On August 1, 2003, the Middle District of Florida denied his petition for habeas relief pursuant to 28 U.S.C. § 2254. *See McGuire v. Sec'y, DOC*, 3:02-cv-0687 (M.D. Fla. Aug. 1, 2003).

Thereafter, Petitioner filed a "Rule 60(b) Petition as Independent Action" in the Middle District of Florida alleging "there [wa]s newly discovered evidence (his defense attorney's response to a bar complaint) that his attorney perpetrated a fraud upon the state trial court[.]" (Doc. 3-7 at 2.) In its June 20, 2011 Order, the Middle District of Florida observed that "Petitioner previously raised [the same issue] in two post-judgment motions . . . and in another independent action . . . filed in the United States District Court for the Northern District of Florida." (Doc. 3-7 at 2-3.) The court further noted that "the Eleventh Circuit Court of Appeals denied Petitioner's application to file a second or successive petition raising the same claims that Petitioner attempts to present in the Petition in this case." *Id.* at 3. To date, Petitioner has filed at least seven actions in forums other than the Florida courts presenting the same claims. These actions have been dismissed.[1]

On November 1, 2019, Petitioner filed this action in the District of Vermont. He requests that the court "not transfer[] this case to the U.S. District Court [for the] Middle District of Florida" due to that court's "lack of Personal Jurisdiction[.]" (Doc. 3 at 1.) He also acknowledges that he filed a direct appeal of the Middle District of Florida's

---

[1] *See McGuire v. Jones*, No. 4:16-cv-1569 (N.D. Cal. 2016); *McGuire v. Jones*, No. 2:16-cv-13740 (E.D. Mich. 2016); *McGuire v. Jones*, No. 3:17-cv-2260 (S.D. Cal. 2017); *McGuire v. Jones*, No. 1:17-cv-9564 (S.D.N.Y. 2017); *McGuire v. Jones*, No. 1:18-cv-7185 (E.D.N.Y. 2018); *McGuire v. Inch*, No. 9:19-cv-1220 (N.D.N.Y. 2019); *McGuire v. Inch*, No. 9:19-cv-1330 (N.D.N.Y. 2019).

denial of his § 2254 petition to the Eleventh Circuit, where it was affirmed. He further acknowledges filing two petitions for a writ of mandamus from the United States Supreme Court, which were denied on March 30, 2015, and October 2, 2017. *See In re Tommy R. McGuire*, 575 U.S. 934 (2015); *In re Tommy R. McGuire*, 138 S. Ct. 157 (2017).

## II. Legal Analysis and Conclusions.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Rule 72(b) requires a party to provide "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (concluding a "bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority . . . does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)").

Pursuant to the *in forma pauperis* statute, the court conducts an initial screening of an action. *See* 28 U.S.C. § 1915(e)(2). Filings by self-represented parties are "to be liberally construed, and . . . held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *see also Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (per curiam). A district court may dismiss a case seeking *in forma pauperis* status, however, if it determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint "is frivolous where

3

it lacks an arguable basis either in law or in fact[,]" and dismissal is appropriate to achieve "efficient judicial administration, and . . . to discourage prisoners from filing frivolous complaints[.]" *Neitzke v. Williams*, 490 U.S. 319, 325-26 (1989).

Under Rule 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" based on the reasons enumerated in the Rule. Fed. R. Civ. P. 60(b). "The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court[.]" *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks omitted). "Since [Rule] 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

In this case, Petitioner's objections to the R & R focus upon denial of access to the courts and to a fair trial. In his seven-page R & R, the Magistrate Judge carefully examined Petitioner's claims as well as the factual and procedural history of Petitioner's filings and correctly determined that any claims Petitioner has relating to his conviction do not give rise to an independent action. *See McGuire v. Sec'y of Fla. Dep't of Corrs.*, 2018 WL 9537928, at *1-2 (M.D. Fla. June 1, 2018) (applying guidance provided in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), and concluding "Petitioner's allegations of fraud do not meet the criteria for an independent action . . . [and] this action should be construed as a second or successive petition and dismissed for lack of subject matter jurisdiction[]" because "Petitioner has not been granted leave from the Eleventh Circuit to file a second or successive habeas petition."). Petitioner is not confined in Vermont; the Magistrate Judge properly concluded the District of Vermont lacks jurisdiction to consider Petitioner's petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (observing that 28 U.S.C. § 2241's habeas provisions do not "permit a prisoner to file outside the district of confinement"). Nor was Petitioner convicted in the state courts of Vermont. *See* 28 U.S.C. § 2241(d).

The Magistrate Judge also properly concluded that a transfer of Petitioner's case to the Middle District of Florida is not warranted pursuant to 28 U.S.C. § 1406(a) because Petitioner has not obtained approval from the Eleventh Circuit prior to filing his

4

successive petition. *See McGuire v. Inch*, 2019 WL 4963255, at *2 (N.D.N.Y. Oct. 8, 2019) ("There are two reasons why the interests of justice do not support a transfer back to Florida and the case should be dismissed instead. First, the petitioner specifically requested that this action not be transferred back to the Middle District of Florida. . . . Second, this Court does not have jurisdiction over the petition as it is successive."); *see also McGuire v. McNeil*, 2009 WL 903359, at *1 (N.D. Fla. Mar. 30, 2009) ("The Court agrees with the Magistrate Judge that despite the name given to this motion, it is in reality simply an attempt to file a successive habeas petition without first receiving the permission of the Eleventh Circuit.").

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 2), DENIES Petitioner's Rule 60(b) petition for a new or independent action, DECLINES TO TRANSFER the petition, and DISMISSES his petition (Doc. 3).

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Petitioner a certificate of appealability in this matter because Petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 19th day of February, 2020.

Christina Reiss, District Judge
United States District Court